UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-CV-60996-LEIBOWITZ/AUGUSTIN-BIRCH

DANIELA GALVAO,

    Plaintiff,

v.

NAPA MANAGEMENT
SERVICES CORPORATION,

    Defendant.
_____/

REPORT AND RECOMMENDATION ON
JOINT MOTION FOR APPROVAL OF FAIR LABOR
STANDARDS ACT SETTLEMENT AND DISMISSAL WITH PREJUDICE

This cause comes before the Court on the parties' Joint Motion for Approval of Fair Labor Standards Act Settlement and Dismissal with Prejudice. DE 16. The Honorable David S. Leibowitz, United States District Judge, referred the Joint Motion to the undersigned United States Magistrate Judge for a report and recommendation. DE 17. The Court has carefully considered the Joint Motion, the supplement thereto [DE 19], and the record and is otherwise fully advised in the premises. The Court **RECOMMENDS** that the Joint Motion [DE 16] be **GRANTED**.

Plaintiff Daniela Galvao filed this lawsuit against her former employer, Defendant NAPA Management Services Corporation, under the Fair Labor Standards Act ("FLSA") for unpaid overtime wages. DE 1. The parties have now resolved Plaintiff's claim. Under the terms of the parties' Settlement Agreement, Plaintiff will receive both $10,000 in overtime wages and $10,000 in liquidated damages. DE 16-1 at 3–4. Plaintiff's counsel will receive $10,000 in fees and costs. *Id.* at 4.

A settlement resolving an FLSA claim must either be presented to the Secretary of Labor or be scrutinized by a court for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). In reviewing the fairness of a settlement of an FLSA claim, a court determines whether the settlement is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1355. The court considers factors such as (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Johnson v. Gonzo Mktg. Servs., LLC*, No. 21-60775-CIV, 2021 WL 8363200, at *2 (S.D. Fla. Oct. 20, 2021) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994)).

The parties address the *Leverso* factors in the Joint Motion. DE 16 at 3–4. They state that they are represented by counsel experienced in FLSA matters. They settled after exchanging relevant records and through informed discussions with the assistance of an experienced mediator. There was no fraud of collusion. The parties contested issues of coverage, hours worked, and exempt status. Plaintiff claimed back wages and liquidated damages totaling more than $26,000, while Defendant maintained that it owed her nothing. The parties reached the settlement as a reasonable compromise and in consideration of the costs and risks of continued litigation.

The Court has considered the parties' arguments and has conducted its own review of the record. The parties had proceeded through a significant portion of the discovery period by the time they settled, such that they should have had available to them the information and material to make an informed decision about settlement. They resolved this lawsuit before incurring significant costs for substantive motion practice and pretrial preparation. The parties had the assistance of counsel in resolving the case, and the Court has no reason to suspect that the

settlement is a product of fraud or collusion.  The Court concludes that application of the *Leverso* factors to this case demonstrates that the settlement is a fair and reasonable resolution of a bona fide dispute.

A court must evaluate the reasonableness of any attorney's fees included as part of an FLSA settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement."  *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).  Plaintiff's counsel will receive $10,000 for fees and costs under the settlement.  DE 16-1 at 4.  The parties state that they negotiated this fee award independently of the award to Plaintiff and that the fee award did not affect Plaintiff's recovery.  DE 19 at 3.

Counsel filed a copy of his billing statement for this case.  DE 19-1.  The billing statement reflects total costs of $470 for the court filing fee and a service of process fee.  The billing statement further reflects total fees of $12,780 incurred for 28.4 hours of work.  This number of hours worked is consistent with the stage at which the case settled.  Accepting counsel's representation that he spent 28.4 hours working on the case, the fee award compensates counsel at a reasonable hourly rate.  The Court concludes that the fee award is reasonable.

The Court has reviewed the remaining clauses of the Settlement Agreement, which include various standard provisions.  *See generally* DE 16-1.  The Court concludes that the Settlement Agreement is fair and reasonable in its entirety.

Accordingly, the Court recommends that the Joint Motion for Approval of Fair Labor Standards Act Settlement and Dismissal with Prejudice [DE 16] be **GRANTED** and that the Settlement Agreement [DE 16-1] be **APPROVED**.  The Court recommends that this case be

**DISMISSED WITH PREJUDICE**. Per the parties' request, the Court recommends retention of jurisdiction to enforce the settlement for a period of 30 days.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 10th day of December, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE